UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA ALLEN MARSHALL,

    Plaintiff,

    v.      CAUSE NO. 3:25-CV-567-HAB-ALT

MS. T. HANKINS, et al.,

    Defendants.

OPINION AND ORDER

Joshua Allen Marshall, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen a prisoner's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Marshall, who is currently incarcerated at the Miami Correctional Facility (MCF), experiences chronic seizures. He alleges he began having more seizures in August of 2024. He was evaluated by Dr. Hamlin on August 9, 2024, who renewed his bottom bunk pass and emailed it to Ms. T. Hankins, the classification specialist. When Marshall returned to his bunk later that day, he told Lt. Wells about the renewed bottom bunk

pass. Lt. Wells promised to email Ms. Hankins. A week later, Marshall had still not been moved to the bottom bunk, so he reinformed Lt. Wells of his need to switch bunks. Lt. Wells said she would email Ms. Hankins again. Two days later, Ms. Williams from administration was "making rounds." ECF 1 at 4. Marshall informed her about his bottom bunk pass. She took down his information in a notebook and said she would email Ms. Hankins. On August 19, 2024, he submitted a healthcare request stating he was still on the top bunk and needed to be moved.

On August 20, 2024, Marshall was "coming down off the top bunk to use the restroom and [he] had a seizure and fell face first into the concrete floor." *Id*. He was taken to the emergency room because he "split [his] forehead open." *Id*. He was treated and sent back to MCF. The next day, he was still experiencing pain, dizziness, and nausea, so he asked Sgt. Upchurch if he could go to medical. She said that if he "wasn't bleeding," the nurses wouldn't see him. *Id*. at 5. Marshall also told Officer Sutton, who wrote Marshall's request in the logbook. Later that morning, Marshall stopped to talk to Nurse Nicki and asked her why he hadn't been called down to medical. She told him that she had asked Sgt. Upchurch to bring him to medical three or four times, but Sgt. Upchurch had refused.[1] Marshall has sued Ms. T. Hankins, Lt. Wells, Ms. Williams, and Sgt. Upchurch for monetary damages.

---

[1] Since the fall, Marshall has experienced migraines, blurry vision, eye sensitivity, dizziness, nausea, and confusion. He was given a prescription for new glasses in February of 2025, but he hasn't received them yet.

2

Prison officials violate the Eighth Amendment if they are deliberately indifferent to a "substantial risk of serious harm to an inmate." *Eagan v. Dempsey*, 987 F.3d 667, 693 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 828 (1994)). This standard includes both objective and subjective components. *Id*. As to the first, "the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or safety." *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). As to the second, the prison official "must have known of and disregarded an excessive risk to the inmate's health or safety." *Balsewicz v. Pawlyk*, 963 F.3d 650, 654 (7th Cir. 2020), as amended (July 2, 2020). In other words, "the official must have been 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' and he must have 'draw[n] th[at] inference.'" *Id*. at 655 (quoting *Farmer*, 511 U.S. at 837). Deliberate indifference "requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk." *Stewart v. Wexford Health Sources, Inc.*, 14 F.4th 757, 763 (7th Cir. 2021) (quoting *Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018)).

Here, Marshall adequately alleges a sufficiently serious risk of harm—he claims his seizure disorder created safety concerns related to remaining on the top bunk. A medical provider prescribed a bottom bunk pass to alleviate those concerns, but it was not implemented before he was injured. The only question is whether Marshall has plausibly alleged that the named defendants knew of the risk and disregarded it. Giving him the benefit of the inferences to which he is entitled at screening, the court finds he has. Specifically, as to classification specialist Ms. T. Hankins, it can be inferred

3

she had direct knowledge of the prescribed bottom bunk pass via emails from the medical provider and other prison officials yet failed to ensure the transfer was executed. As to Lt. Wells and Ms. Williams, Thomas alleges he informed them of the issue personally, but they failed to appropriately address the problem. Although further investigation may show that reporting the matter to Ms. T. Hankins was sufficient under the circumstances, the court will allow Marshall to proceed against them at this early stage of the litigation. *But see, e.g., Collins v. Seeman*, 462 F.3d 757, 762 (7th Cir. 2006) ("A defendant with knowledge of a risk need not take perfect action or even reasonable action, . . . his action must be reckless before § 1983 liability can be found.") (internal quotation marks, brackets, and citation omitted); *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) ("the division of labor is critical to the efficient functioning of the [prison] organization").

Marshall also alleges Sgt. Upchurch was deliberately indifferent to his pain, dizziness, and nausea the day after the fall. It is true that "[n]on-medical officials are presumptively 'entitled to defer to the professional judgment of the facility's medical officials on questions of prisoners' medical care.'" *Eagan v. Dempsey*, 987 F.3d 667, 694 (7th Cir. 2021) (quoting *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008)). However, in this case, Marshall alleges the nurse asked several times to evaluate his injuries following his emergency room treatment, but Sgt. Upchurch actively prevented him from being seen by medical. This is sufficient to state a claim against her at this stage.

For these reasons, the court:

(1) GRANTS Joshua Allen Marshall leave to proceed against Ms. T. Hankins, Lt.

4

Wells, and Ms. Williams in their individual capacities for compensatory and punitive damages for being deliberately indifferent to his need for a bottom bunk due to his seizure disorder between August 9, 2024, to August 20, 2024, in violation of the Eighth Amendment;

(2) GRANTS Joshua Allen Marshall leave to proceed against Sgt. Upchurch in her individual capacity for compensatory and punitive damages for being deliberately indifferent to his need for medical treatment on August 21, 2024, related to his previous fall on August 20, 2024, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Ms. T. Hankins, Lt. Wells, Ms. Williams, and Sgt. Upchurch at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Ms. T. Hankins, Lt. Wells, Ms. Williams, and Sgt. Upchurch to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 11, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT